UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVONNE KEITH, | ) | Case No. 1:17-CV-1401 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| LYNEAL WAINWRIGHT[1], | ) | |
| WARDEN, | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |

On June 19, 2017, Devonne Keith[2] ("Petitioner"), pro se, executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an accompanying memorandum in support, both of which were filed with this Court on July 3, 2017. ECF Dkt. #1, 1-1. Petitioner seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas convictions for two first-degree counts of drug trafficking under Ohio Revised Code ("ORC") § 2925.03(A)(2), each with schoolyard and forfeiture specifications, two second-degree counts and one fifth-degree count of drug possession under ORC § 2925.11(A), each with forfeiture specifications, and one fifth-degree count of possession of criminal tools in violation of ORC §

---

[1]Charmaine Bracy was named as the original Respondent in the instant petition, but has been terminated as of September 4, 2018 as Warden of the Trumbull County Correctional Institution. Additionally, on August 31, 2018, Petitioner filed a notice of a change of address to the Marion Correctional Institution and naming the current warden of that institution, Lyneal Wainwright, as the Respondent.

[2] Petitioner noted that he is currently incarcerated under the name "Davonne J. Keith." ECF Dkt. #6 at 1 n.*.

1

2923.24(A). ECF Dkt. #1 at 1; ECF Dkt. #5 at 3; ECF Dkt. #5-1[3] at 3-10, 29. On September 21, 2017, the Warden of the Trumbull Correctional Institution ("Respondent") filed a return of writ. ECF Dkt. #5. On October 23, 2017, Petitioner filed a traverse. ECF Dkt. #6.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice.

## I.  PROCEDURAL HISTORY

The Ohio Eighth District Court of Appeals set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set forth by the Eighth District Court of Appeals, the facts are:

> {¶5} In Case No. CR-15-592623-A, Keith filed a motion to suppress. At the hearing, Detective Lawrence Smith ("Smith"), a five-year detective for the city of Cleveland, testified that he was touring Lorain Avenue, along with six other police officers, in connection with complaints about drug activity and prostitution in the area. Smith was driving an unmarked vehicle when he saw a Dodge Charger driving slow on the north side of the street. The vehicle then backed into a vacant lot. Smith observed a woman approach and enter the vehicle. After watching for a second, Smith observed the driver, Keith, rolling something in white paper. Smith thought that since no one ever pulls into the vacant lot that these behaviors were indicative of drug activity.
>
> {¶6} Smith notified Detective Robert Norman ("Norman"), a two-year vice detective, who was driving the take down car, of his observations. Norman and the other officers approached the Dodge Charger. Smith parked his vehicle and approached on foot. The officers ordered Keith to exit the vehicle and patted him down. While Keith was outside of the vehicle, Smith approached with his flashlight and saw a scale in the center console, underneath the radio, in plain view, of the Dodge along with brown powder residue. (Tr. 12.)

---

[3] Citations to the State Court Record, ECF Dkt. #5-1, will refer to the .PDF page number rather than to specific exhibits.

> {¶7} Norman then testified that Smith notified him of Keith's suspicious behavior that could be related to illegal drug activity. Norman pulled into the parking lot, in front of Keith's car, exited his vehicle, with his weapon drawn and ordered Keith to put his hands up. Norman stated that Keith did not immediately put his hands up, but rather hid something in his pants. At this point, Norman and the other officers ordered Keith to raise his hands again and announced themselves as Cleveland police officers. (Tr. 31.) Keith raised his hands and Norman saw suspected marijuana crumbs on Keith's lap. Keith was then handcuffed and detained pending results of the search of the car. (Tr. 35.) Norman was notified of the scale with heroin residue and a marijuana cigarette in the vehicle. (Tr. 35.) Keith was placed under arrest and searched. In his waistline was crack cocaine and heroin. (Tr. 37.)

ECF Dkt. #5-1 at 131-32.

### A.     State Trial Court

On January 26, 2015, a Cuyahoga County, Ohio Grand Jury indicted Petitioner on two first-degree counts of drug trafficking under ORC § 2925.03(A)(2), each with schoolyard and forfeiture specifications, two second-degree counts and one fifth-degree count of drug possession under ORC § 2925.11(A), each with forfeiture specifications, and one fifth-degree count of possession of criminal tools in violation of ORC § 2923.24(A). ECF Dkt. #5-1 at 3-10.

Petitioner initially entered a not guilty plea, and on February 5, 2015, he, through counsel, filed a motion to suppress evidence obtained from the warrantless seizure of Petitioner and subsequent search of his person and vehicle. ECF Dkt. #5-1 at 12-17. Petitioner asserted that the police officers lacked specific and articulable facts to justify the seizure and subsequent search because Petitioner had not committed an offense. *Id*. at 12-13. The State did not file a brief in opposition. The trial court held a hearing on February 13, 2015 and subsequently denied Petitioner's motion to suppress. *Id*. at 18.

On March 3, 2015, Petitioner filed a motion to dismiss the schoolyard specifications attached to the drug trafficking charges. ECF Dkt. #5-1 at 19-21. On March 9, 2015, Petitioner withdrew his not guilty plea and entered a plea of no contest to each count of the indictment and corresponding specifications, as charged. *Id.* at 28. On April 8, 2015, the trial court ordered Petitioner to forfeit his cell phone, scale, and $2,523.00 to the Cleveland Police Department. *Id.* at 29. The trial sentenced Petitioner to an aggregate of 22 years of incarceration. *Id.* The sentence consisted of 11 years for Counts 1 and 3, to be served consecutive to each other, 6 months for Counts 5 and 6, to be served concurrently. *Id.* The court noted that Count 2 merged with Count 1 as they were allied offenses, and Count 4 merged with Count 3 also because they were allied offenses. *Id.* The court also imposed the mandatory 5-year post release control term for Counts 1 and 3, an optional 3-year post release control term for Counts 5 and 6, ordered Petitioner to receive 149 days of jail time credit, suspended Petitioner's driver's license, and declared Petitioner indigent. *Id*. at 29-30.

**B.** **Direct Appeal**

Due to Petitioner's indigent status, the trial court appointed Petitioner's trial counsel to represent him on direct appeal . ECF Dkt. #5-1 at 30. On May 8, 2015, Petitioner, through counsel, filed two appeals in the Court of Appeals for Cuyahoga County, Eighth Appellate District, for the following: (1) appealing the judgment and final order dismissing his petition for post-conviction relief of April 8, 2015, initiating Case No. 103009, and (2) appealing the judgment, final order and sentence of April 8, 2015, initiating Case No. 103006. *Id.* at 31-36, 39. On June 23, 2015, the appellate court *sua sponte* consolidated the Case No. 103006 and 103009. *Id*. at 37-38. Petitioner filed a motion for reconsideration regarding the consolidation, and the State filed a response. *Id.* at 39-44. The appellate court denied Petitioner's motion for reconsideration. *Id.* at 45.

On August 7, 2015, Petitioner, through counsel, raised the following assignments of error:

1. Defendant was denied due process of law when the court failed to afford Defendant his constitutional right of allocution.

2. Defendant was denied due process of law when the court imposed consecutive sentences by a rote recitation of the statutory factors.

3. Defendant was denied due process of law when the court overruled the motion to dismiss

4. Defendant was denied due process of law when the court failed to grant a motion to suppress when Defendant was effectively seized by the actions of the police.

5. Defendant was denied due process of law and equal protection of the law when the court overruled Defendant's motion to strike the schoolyard specification.

6. Defendant was subjected to unconstitutional multiple punishments when he was separately sentenced for the simultaneous possession of different drugs.

7. Defendant was denied due process of law when the court failed to afford Defendant his constitutional right of allocution.

8. Defendant was denied due process of law when the court imposed consecutive sentences by a rote recitation of the statutory factors.

ECF Dkt. #5-1 at 47-85 (the first two assignments of error were attributed to Case No. CA-15-103006 and the remaining assignments of error were attributed to Case No. CA-15-103009). Petitioner subsequently filed a notice of new authority. *Id.* at 86-88. The State filed an appellate brief. *Id.* at 89-126.

On May 19, 2016, the appellate court affirmed the trial court's decision to deny Petitioner's motion to suppress and motion to strike the schoolyard specifications, reversed Petitioner's sentences for denial of allocation, and remanded the case to the trial court for resentencing. ECF Dkt. #5-1 at 127-45. The appellate court did not address the remaining assignments of error pursuant

5

to App.R. 12(A)(1)(C). *Id.* at 145.

On May 26, 2016, the State filed an application for reconsideration. ECF Dkt. #5-1 at 162-67. On May 27, 2016, Petitioner filed a motion for reconsideration and supplemental information in support of his motion for reconsideration. ECF Dkt. #5-1 at 146-55. The State subsequently filed a response. *Id.* at 156-60. On July 12, 2016, the appellate court denied both Petitioner's motion for reconsideration and the State's motion for reconsideration. *Id.* at 161, 168.

### C. Ohio Supreme Court

On August 24, 2016, Petitioner filed a notice of appeal and accompanying memorandum in support to the Ohio Supreme Court. ECF Dkt. #5-1 at 169-88. In his memorandum in support, filed through counsel, Petitioner presented the following propositions of law:

1. A defendant has been denied due process of law when the court rules that a seizure and an arrest of a defendant in a lawfully parked vehicle on private property has not violated the Fourth Amendment.

2. A defendant has been denied due process of law when the court fails to grant a motion to suppress when the evidence shows that the defendant was effectively seized by the actions of the police.

*Id.* at 171-88. The State filed a response. *Id.* at 211-19. On January 25, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. *Id.* at 220.

### D. Resentencing

Pursuant to the state appellate court's reversal and remand order, the trial court resentenced Petitioner on November 30, 2016. ECF Dkt. #5-1 at 221-22. Petitioner was represented by his trial/appellate counsel. *Id.* at 221. The court reiterated the forfeiture of Petitioner's cell phone, scale, and $2,523.00 and imposed an aggregate sentence of incarceration of 4 years. *Id.* The court merged Counts 1 and 2 and merged Counts 3 and 4 for sentencing purposes. *Id.* The State elected to proceed

6

on Count 1 and 3, and the court imposed 4 concurrent years for each of Counts 1 and 3, as well as 12 concurrent months for Count 5 and 12 concurrent months for Count 6. *Id.* The court also ordered Petitioner to serve this sentence consecutive to the sentence in Case Nos. DR-587491 and CR-587294. *Id.* Additionally, the court imposed the mandatory 5-year post release control term. *Id.*

**II.**     **28 US.C. § 2254 PETITION**

Petitioner, pro se, executed the instant petition for a writ of federal habeas corpus, which was filed on July 3, 2017. ECF Dkt. #1. Petitioner raises the following grounds for relief:

1.     No probable cause to justify the search of Petitioner's vehicle.

Supporting facts: Under oath the arresting officer testified that he searched petitioner because he thought that the petitioner was rolling marijuana; but wasn't sure that it was actual marijuana that was being rolled.

2.     Petitioner was denied due process of law when the when the[sic] court fails to grant motion to suppress when the evidence shows that the Petitioner was effectively seized by action of police.

Supporting facts: At the hearing Det. Robert Norman admitted that he had "boxed" petitioner[sic] car in in[sic] a manner that petitioner could not leave the area; which in[sic] essentially means that the petitioner was officially "seized" and under arrest. An arrest that was without probable cause.

ECF Dkt. #1. On September 21, 2017, Respondent filed a return of writ. ECF Dkt. #5. On October 23, 2017, Petitioner filed a Traverse. ECF Dkt. #6.

**III.**     **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Further, the Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c) *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is

9

actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

    C.    **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed)). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735 (citing *Michigan v. Long*, 463 U.S. 1031, 1040-41 (1983)).

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1)    whether the petitioner failed to comply with an applicable state procedural rule;
> (2)    whether the state courts actually enforced the state procedural sanction;
> (3)    whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and
> (4)    if the above are met, whether the petitioner has demonstrated "cause" and

"prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986). A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not address his procedurally defaulted ground for relief. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). The Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Id*.

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the Act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. §2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

- A. Decisions of lower federal courts may not be considered.
- B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
- C. The state court decision may be overturned only if:
    1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
    2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or
    3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or
    4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
- D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable

14

>
> application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**V.     LAW AND ANALYSIS**

    **A.     GROUNDS FOR RELIEF ONE AND TWO - FOURTH AMENDMENT CHALLENGES**

In his first ground for relief, Petitioner asserts that there was no probable cause to justify the search of his vehicle. ECF Dkt. #1 at 6; ECF Dkt. #1-1 at 2-5. In his second ground for relief, Petitioner argues that he was denied due process when his motion to suppress was denied. ECF Dkt. #1 at 8; ECF Dkt. #1-1 at 6. Both of Petitioner's grounds for relief involve Fourth Amendment challenges and, in fact, issue of probable cause was essential to the outcome of the motion to suppress. Therefore, the undersigned will address both issues together. Also, since Respondent concedes that there are no procedural barriers, the AEDPA governs this Court's review of the instant case. *See* ECF Dkt. #5 at 8.

In *Stone v. Powell*, the United States Supreme Court held "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state petitioner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 481 (1976). Thus, federal habeas corpus review of alleged Fourth Amendment claims is extremely limited. *Pierce v. Bunting*, No. 1:12CV2561, 2014 WL 5517256, at *7 (Oct. 31, 2014), citing *Loza v. Mitchell*, 705 F.Supp.2d 773, 859–60 (S.D.Ohio 2010) (quotations omitted).

The Sixth Circuit Court of Appeals stated that in determining whether a Fourth Amendment claim can proceed in a federal habeas corpus action, the Court must perform two distinct inquiries. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The Court must first "determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.

16

Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id*. at 526 (internal citations omitted).

The Sixth Circuit in *Riley* held that "the mechanism provided by the State of Ohio for the resolution of fourth amendment claims, is, in the abstract, clearly adequate." 674 F.2d at 526. The Sixth Circuit outlined the mechanisms, first citing to Rule 12 of the Ohio Rules of Criminal Procedure which provides an opportunity to raise Fourth Amendment claims through a motion to suppress. *Id*., citing Ohio R. Crim. P. 12. The Court also cited to a defendant's ability to directly appeal a court's denial of a motion to suppress. *Riley*, 674 F.2d at 526, citing Ohio R. App. P. 3(A) and Ohio R.App.P. 5(A). The Sixth Circuit found that these rules "provide an adequate procedural mechanism for the litigation of fourth amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision." *Riley*, 674 F.2d at 526.

Similar to *Riley*, Petitioner in the instant case, through counsel, filed a motion to suppress evidence resulting from the warrantless seizure of Petitioner and the subsequent search of his person and his vehicle. ECF Dkt. #5-1 at 12-17. In this motion, Petitioner raised several Fourth Amendment issues, including Petitioner's first ground for relief in the instant case. *Id*. When the trial court denied this motion, Petitioner appealed this denial and asserted eight assignments of error, with some including the Fourth Amendment. *Id*. at 73-87.

Based upon the adequacy of the procedural mechanisms provided under Ohio law and Petitioner's ability to use those mechanisms without frustration, prevention or deprivation, the undersigned recommends that the Court find that both of Petitioner's grounds for relief are not cognizable before this Court.

**VI**.   **RECOMMENDATION AND CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.


DATE: August 16, 2019                 */s/ George J. Limbert*
                                      GEORGE J. LIMBERT
                                      UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).